■ MAURICE OPARAJI, Appellant, v THE NEW YORK MORTGAGE COMPANY, LLC, Respondent. [866 NYS2d 69]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered on or about October 22, 2007, which, in an action for racial discrimination pursuant to 42 USC § 3605 arising out of defendant's denial of plaintiff's loan application, denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about January 11, 2008, which denied plaintiff's motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable order. Appeal from order, same court (Lucy Billings, J.), entered on or about December 22, 2006, unanimously dismissed, without costs, as untimely.

The reason that defendant gave plaintiff for denying his 2004 loan application was that the property he wanted to buy "as is" was not in habitable condition and therefore did not satisfy the Fannie Mae property and appraisal guidelines for the underwriting of residential mortgage loans (*see* Fannie Mae Single Family 2002 Selling Guide, XI, 202: Status of Construction [06/30/02], available at http://www.allregs.com/efnma). On its cross motion for summary judgment, defendant satisfied its initial burden to

demonstrate the genuineness of this reason by submitting an appraisal report stating that "the floors, kitchens and bathroom utilities and windows are absent," and that "as per the real estate broker the subject dwelling is being sold as is." Nothing in the reviewable record tends to show that defendant's reliance on the appraisal report and Fannie Mae Selling Guide was a pretext for discrimination (*see Mitchell v Shane*, 350 F3d 39, 47 [2d Cir 2003]). Concur—Lippman, P.J., Saxe, Friedman, Sweeny and Acosta, JJ.